UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT L. TROMBLAY,

             Plaintiff,                  Civil No. 05-475-HA

        v.

                                    OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

             Defendant.

_____

HAGGERTY, Chief Judge:

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act) as amended, 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration.  That decision denied plaintiff's application

for Supplemental Security Income (SSI) and disability insurance benefits (DIB).

        Plaintiff had appealed a previous decision by the Commissioner denying benefits to this

court, and an Order was issued on September 19, 2002 reversing the Commissioner's decision

1 – OPINION AND ORDER

and remanding the case for a new hearing.  Following a supplemental hearing, the Commissioner

again found plaintiff not entitled to benefits.

      After plaintiff filed this appeal seeking an order reversing the Commissioner's decision

and remanding this action for an award of benefits, defendant conceded that the case must be

remanded because the Administrative Law Judge (ALJ) failed to comply with this court's

September 19, 2002 Order and erred in evaluating the medical evidence, plaintiff's credibility,

plaintiff's residual functioning capacity (RFC), and the vocational expert's testimony.  Defendant

requests that this remand be for further proceedings.  For the reasons stated below, this case is

remanded for an immediate calculation of benefits.

ANALYSIS

      In light of defendant's concession and stipulation to the background of this case, the

administrative history and plaintiff's medical situations need not be reviewed here.  As defendant

concedes, this court is compelled to remand this action due to errors by the ALJ.

      The only issue presented is whether to remand for further analysis or an award of

benefits.  A reviewing court has discretion to remand for further administrative proceedings or

for an award of benefits.  *See, e.g., Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000);

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

      At the heart of this case is the ALJ's failure to properly credit the medical testimony and

plaintiff's testimony.  There is some authority within the Ninth Circuit that in cases in which the

ALJ's reasons for rejecting the claimant's testimony are legally insufficient, and the record is

clear that the claimant would be found disabled if the claimant's testimony were credited, a

remand ordering the calculation and award of benefits is appropriate.  *McCartey v. Massanari*,

298 F.3d 1072, 1076-77 (9th Cir. 2002); *see also Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Similarly, when the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

It has been questioned in the Ninth Circuit as to whether this "crediting as true" doctrine is mandatory. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[i]nstead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory."). Because of this reasoning, defendant requests that this court refrain from crediting the improperly rejected evidence as true. Defendant instead requests that this court exercise its discretion to remand this case for further proceedings.

The "crediting as true" rule was established in *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) (referred to as "*Varney II*"). In adopting the "crediting as true" rule of the Eleventh Circuit, the Ninth Circuit acknowledged that the rule promotes important objectives: "Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from 'reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result.'" *Id*. at 1398 (citation omitted).

A close reading of *Varney II* confirms that the Ninth Circuit did not distinguish between crediting a claimant's testimony and crediting improperly rejected medical reports regarding the claimant's health. However, further analysis of this divergence and *Connett's* possible impact is inapplicable here.

3 – OPINION AND ORDER

This court construes the reasoning in *Connett* to permit some exercise of discretion in determining whether to credit a claimant's improperly rejected testimony as true. Similarly, this court also interprets this recent reasoning regarding the "crediting as true" doctrine as continuing to permit an improperly rejected medical opinion to be credited as true.

Even if the scope of the reasoning were intended to include improperly rejected medical opinions, the validity of these rulings is unclear. Only a panel sitting *en banc* may overturn existing Ninth Circuit precedent. *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (citations omitted); *see also Baker v. City of Blaine*, 221 F.3d 1108, 1110 n.2 (9th Cir. 2000) (a court panel has no authority to disavow the holdings of a prior panel). Accordingly, this court concludes that improperly rejected testimony of the agency's examining physician and plaintiff must be credited as true.

After crediting the challenged evidence, the court must next determine whether the remand is for further proceedings or for the calculation of benefits. Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman*, 211 F.3d at 1179. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id.* at 1178. A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Smolen*, 80 F.3d at 1292.

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. The ALJ failed to provide a legally sufficient reason for rejecting the agency's examining physician's opinions or plaintiff's testimony.

Defendant argues that the medical testimony is conflicting and results in ambiguities that need to be resolved on remand. This argument is unavailing.

In 1999 the agency's examining physician assessed plaintiff with fair limitations and a Global Assessment Functioning score of 60, which is defined as "moderate difficulty with social, occupational, or school functioning." The American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994). In 2004, he assessed plaintiff with moderate limitations. Additionally, a non-examining consultative psychologist also found plaintiff to have moderate limitations. The court finds the medical testimony to be consistent and unambiguous in establishing that plaintiff has moderate limitations.

It is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The VE testified that a person with the limitations identified by the agency's examining physician would be precluded from competitive employment. The record is fully developed, and further proceedings "would serve no useful purpose." *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act. *Gamble v.*

*Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993).

Moreover, permitting the Commissioner yet another opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate). Here, the Commissioner has already had two full hearings and promulgated two opinions, and the interests of justice are served by remanding for a payment of benefits.

CONCLUSION

For the foregoing reasons, the decision of the Commissioner finding plaintiff Robert L. Tromblay not disabled is reversed. This action is remanded for calculation of benefits.

IT IS SO ORDERED.

DATED this __9___ day of March, 2006.


_____/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge